UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

ANGEL KALEY-WOLFE,

       Plaintiff,

v

                                  Case No. 1:17-cv-00842
                                  Hon.  Paul L. Maloney

HONORABLE MELANIE STANTON,
KRIS A. RANDALL, and
CAROL STOCKING,
in their individual and official capacities,

       Defendants.

| **Defendants' Partial Motion to Dismiss** |

**Oral Argument Requested**

_____/

NACHT & ROUMEL, P.C.
By:  Nicholas Roumel (P37056)
Attorney for Plaintiff
101 N. Main Street, Ste. 555
Ann Arbor, MI 48104
(734) 663-7550
nroumel@nachtlaw.com

JOHNSON, ROSATI,
SCHULTZ & JOPPICH, P.C.
By:  Laura S. Amtsbuechler (P36972)
     Laura Bailey Brown (P79742)
Attorneys for Defendants
27555 Executive Drive, Suite 250
Farmington Hills, MI  48331
(248) 489-4100/Fax:  (248) 489-1726
lamtsbuechler@jrsjlaw.com
lbrown@jrsjlaw.com

_____/

**DEFENDANTS' PARTIAL MOTION TO DISMISS**

     Defendants, the Honorable Melanie Stanton, Kris A. Randall, and Carol

Stocking, by and through counsel, and bring this motion pursuant to Fed. R. Civ. P.

12(b)(6), and in support thereof, state:

1

1.      Plaintiff filed her Complaint in this action on September 18, 2017. [Doc. No. 1].

2.      Plaintiff amended her Complaint on November 14, 2017.  [Doc. No. 5].

3.      Defendants now move for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) for the reasons set forth in the accompanying Brief in Support.

4.      Defendants sought concurrence in this motion on several occasions, including but not limited to via e-mail on October 25, November 10, and November 19 as required by Local Rule 7.1(d), but did not obtain concurrence in the relief sought.

WHEREFORE, Defendants respectfully request that this Honorable Court dismiss Plaintiff's claims against them pursuant to Fed. R. Civ. P. 12(b)(6).

                                        Respectfully submitted,

                                        JOHNSON, ROSATI,
                                        SCHULTZ & JOPPICH, P.C.

November 28, 2017                       s/     Laura Bailey Brown
                                        By:  Laura S. Amtsbuechler (P36972)
                                             Laura Bailey Brown (P79742)
                                        Attorneys for Defendant, City of
                                        Grand Rapids
                                        27555 Executive Drive, Suite 250
                                        Farmington Hills, MI  48331
                                        (248) 489-4100/Fax: (248) 489-1726
                                        lamtsbuechler@jrsjlaw.com
                                        lbrown@jrsjlaw.com

2

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN


ANGEL KALEY-WOLFE,

        Plaintiff,

v                                       Case No. 1:17-cv-00842
                                       Hon.  Paul L. Maloney


HONORABLE MELANIE STANTON,
KRIS A. RANDALL, and
CAROL STOCKING,
in their individual and official capacities,

        Defendants.

_____/

| | |
|---|---|
| NACHT & ROUMEL, P.C. | JOHNSON, ROSATI, |
| By:  Nicholas Roumel (P37056) | SCHULTZ & JOPPICH, P.C. |
| Attorney for Plaintiff | By:  Laura S. Amtsbuechler (P36972) |
| 101 N. Main Street, Ste. 555 |     Laura Bailey Brown (P79742) |
| Ann Arbor, MI 48104 | Attorneys for Defendants |
| (734) 663-7550 | 27555 Executive Drive, Suite 250 |
| nroumel@nachtlaw.com | Farmington Hills, MI  48331 |
| | (248) 489-4100/Fax:  (248) 489-1726 |
| | lamtsbuechler@jrsjlaw.com |
| | lbrown@jrsjlaw.com |

_____/


**BRIEF IN SUPPORT OF**
**<u>DEFENDANTS' PARTIAL MOTION TO DISMISS</u>**


**Oral Argument Requested**

1

# TABLE OF CONTENTS

MOST APPROPRIATE AUTHORITIES……………………………………….ii

ISSUES PRESENTED…………………………………………………….....iii

INDEX OF AUTHORITIES……………………………………………….....iv

STATEMENT OF FACTS……………………………………………………1

LEGAL STANDARD………………………………………………………...4

ARGUMENT…………………………………………………………………4

I.    Plaintiff's Family and Medical Leave Act Claims Against
      Individual Defendants Are Barred (Counts IV and V)……………………4

II.   Any Claims for Money Damages Under the FMLA Are Barred
      by   Eleventh   Amendment   Immunity   (Counts   IV   and
      V)……………………………………………………………………7

III.  Plaintiff Was Not an Employee as Defined by the Family and
      Medical Leave Act and Has No Viable FMLA Claim (Counts IV and
      V)……………………………………………………………………...10

CONCLUSION………………………………………………………...12

## MOST APPROPRIATE AUTHORITIES

*Mitchell v. Chapman*, 343 F.3d 811 (6th Cir. 2003); *Coleman v. Court of Appeals of Maryland*, 566 U.S. 30 (2012); *Horen v. Cook*, 546 Fed. Appx. 531 (6th Cir. 2013).

## ISSUES PRESENTED

I.   **Whether Plaintiff's Family and Medical Leave Act Claims Against Individual Defendants Are Barred for Lack of Individual Liability Against Public Employers Under the Act (Counts IV and V)?**

Plaintiff:          No

Defendants:          Yes

II.   **Whether Defendants Are Immune from Suit Under the Eleventh Amendment (Counts IV and V)?**

Plaintiff:          No

Defendants:          Yes

III.   **Whether Plaintiff's Family and Medical Leave Act Claims Are Barred Because She Was Not an Employee as Defined by the Act (Counts IV and V)?**

Plaintiff:          No

Defendants:          Yes

# INDEX OF AUTHORITIES

**Cases**

*Birch v. Cuyahoga County Probate Court*, 392 F.3d 151 (6th Cir. 2004) ..............12

*Coleman v. Court of Appeals of Maryland*, 566 U.S. 30 (2012) .............. 8, 9, 10, 11

*Diaz v. Michigan Dep't of Human Svcs.*, 703 F.3d 956 (6th Cir. 2013) ...................8

*Donald v. Sybra, Inc.*, 667 F.3d 757 (6th Cir. 2012) ...............................................11

*Horen v. Cook*, 546 Fed. Appx. 531 (6th Cir. 2013) ....................................... 12, 13

*Kentucky v. Graham*, 473 U.S. 159 (1985)...............................................................7

*Kimel v. Florida Bd. of Regents*, 528 U.S. 62 (2000)................................................9

*Mitchell v. Chapman*, 343 F.3d 811 (6th Cir. 2003)..............................................5, 6

*Nevada Dep't of Human Resources v. Hibbs*, 538 U.S. 721 (2003) ........................9

*Pennhurst State Sch. & Hosp. v. Holderman*, 465 U.S. 89  (1984).........................8

*Pucci v. Nineteenth Dist. Court*, 628 F.3d 752 (6th Cir. 2010)..............................10

*Sorrell v. Rinker Materials Corp.*, 395 F.3d 332 (6th Cir. 2005)...........................11

*Timmer v. Mich. Dep't of Commerce*, 104 F.3d 833 (6th Cir. 1997) ......................8

**Statutes**

29 U.S.C. § 203 ..........................................................................................................7

29 U.S.C. § 2611 ........................................................................................................7

**Regulations**

29 C.F.R. § 825.102. ................................................................................................12

**Constitutional Provisions**

U.S. Const., 11th Amendment ...................................................................................8

## STATEMENT OF FACTS

The following facts are cited in Plaintiff's Complaint. Defendants acknowledge that, for purposes of this Rule 12(b)(6) motion only, the Court must view these facts as true.[1]

The Honorable Melanie Stanton is the elected Family and Probate Judge for Michigan's 13th Judicial Circuit Court, located in Grand Traverse County.  (**Doc. 5**, Amended Complaint ¶ 6).  Kris A. Randall also works for the 13th Judicial Circuit Court, serving as the Family Division Administrator.  (Am. Complaint ¶ 7). Carol Stocking was the Administrator for the 86th District Court, covering Grand Traverse, Antrim, and Leelanau Counties.  (Am. Complaint ¶ 8).  Both the 13th Judicial Circuit Court and the 86th District Court are public agencies.  (Am. Complaint ¶¶ 4, 5).

Plaintiff Angel Kaley-Wolfe was an employee of the 13th Judicial Circuit Court who held a variety of positions in both the Circuit Court and the District Court over the past several years.  (Am. Complaint ¶¶ 14, 17).  In 2002, Ms. Kaley-Wolfe was hired as an office specialist, and subsequently worked as a court recorder, probation officer, office coordinator, and magistrate judge, with the

---

[1] Defendants have referenced and attached two exhibits to this brief.  Defendants recognize that this Court will decide the Rule 12(b)(6) motion based upon the pleading and only the exhibits which can be considered in conjunction with this type of motion as discussed below.  Additional facts are as background.

1

District Court.  (Am. Complaint ¶¶ 14, 17, 25, 32).  During that time, she was supervised by Defendant Carol Stocking.

She then transitioned to the Circuit Court and in January 2015 accepted a position as the judicial assistant to Judge Stanton.  (Am. Complaint ¶ 14).  As a judicial assistant, Ms. Kaley-Wolfe's job duties included, among other things, conducting research and assisting Judge Stanton with her caseload.  (Am. Complaint ¶ 15).  Her job duties were also set forth in her job description.  (**Ex. 1**, containing the Court's Judicial Assistant Job Description; **Ex. 2**, containing the Court's Magistrate Job Description).[2]  During this time, Ms. Kaley-Wolfe reported to Judge Stanton and (at least as of the spring of 2015) Court Administrator Kris Randall.  (Am. Complaint ¶33, 34).

Ms. Kaley-Wolfe alleges that in May 2007, she requested short-term disability and leave under the Family and Medical Leave Act ("FMLA"), which she was granted.  (Am. Complaint ¶¶ 20, 21).  She then began working a part-time schedule, but then underwent surgery and took full-time medical leave for a period of six weeks.  (Am. Complaint ¶ 21).  She returned to work full-time and without

---

[2] The Judicial Assistant job description constitutes a public record for purposes of a Rule 12(b)(6) motion.  As a public record (and moreover, as Ms. Kaley-Wolfe's job duties are discussed at length in Plaintiff's Amended Complaint), the inclusion of this document herewith does not convert this motion into one for summary judgment. *See Rondigo v. Twp. Of Richmond*, 641 F.3d 673 (6th Cir. 2011). The The Magistrate job description, also a public record under *Rondigo*, has been included because, as can be seen from Defendants' Answer to the Amended Complaint, part of Plaintiff's duties included Magistrate work.

restriction and worked for five years before taking multiple additional periods of leave.  (Am. Complaint ¶¶ 24-30).  As alleged in the Amended Complaint, Ms. Kaley-Wolfe took short-term disability and/or FMLA leave from November 27 – December 11, 2012, October 7 – November 22, 2013, January 3 – February 3, 2014, February 6 – May 12, 2014 (working part-time from May 12-26, 2014). (Am. Complaint ¶¶ 24-30).

Ms. Kaley-Wolfe alleges that in July 2015, Defendant Randall provided her with a counseling memo regarding attendance problems.  (Am. Complaint ¶ 36). The memo outlined the performance that was expected of Ms. Kaley-Wolfe, including working on a regular schedule, not being late to work more than three times per month, properly documenting flex time, and notifying Defendant Randall of sick time prior to the beginning of the work day.  (Am. Complaint ¶ 36).

In October 2015, Ms. Kaley-Wolfe applied and was approved for short-term disability and FMLA leave and returned to work in December 2015.  She took an additional FMLA leave from May 6, 2016 through June 27, 2016.  (Am. Complaint ¶ 50).

As alleged in the Complaint, Ms. Kaley-Wolfe's employment was terminated on June 27, 2016 for deficiencies in her attendance, her non-compliance with the July 2015 counseling memo, and issues relating to her performance in research and drafting.  (Am. Complaint ¶¶ 54, 55).  This Complaint, naming Judge

Stanton, Kris Randall, and Carol Stocking in their official and individual capacities, followed.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint.  Although Rule 12(b)(6) requires the Court to accept all well-pleaded factual allegations as true, the Court need not accept legal conclusions as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).  To survive a Rule 12(b)(6) motion, the Complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice.  *Ashcroft*, 556 U.S. at 678.  Only a complaint that states a plausible claim for relief survives a motion to dismiss.  *Id.* Where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief.  *Id.*  A plaintiff must plead factual allegations that allow the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged.  *Twombly*, 550 U.S. at 556.

## ARGUMENT

I.    **Plaintiff's Family and Medical Leave Act Claims Against Individual Defendants Are Barred (Counts IV and V).**

Plaintiff raises claims for alleged violations of the Family and Medical Leave Act against Defendants both in their official capacities and as individuals in Counts IV and V of her First Amended Complaint.   But as Plaintiff candidly admits, the law in the Sixth Circuit is well-settled: there is no individual liability for public agency employers under the FMLA.  (Doc. 5, Am. Complaint ¶11).  The governing case in the Sixth Circuit is *Mitchell v. Chapman*, 343 F.3d 811 (6th Cir. 2003).  In *Mitchell*, the Court considered whether an employee of a public agency could bring suit against his individual supervisors for purported violations of the Family and Medical Leave Act and answered that question firmly in the negative. *Id.* at 829-33.

Plaintiff suggests that because there is a circuit split, *Mitchell* was wrongly decided.  (Doc. 5, Am. Complaint ¶11).  This argument is simply not to be borne. The *Mitchell* court considered and discussed at length the split in authority and affirmatively announced the law in the Sixth Circuit: "[o]ur independent examination of the FMLA's text and structure reveals that the statute does not impose individual liability on public agency employers."  343 F.3d at 829-33.  As the Court clearly articulated:

> Three factors emanating from the text and framework of the statute
>
> support this conclusion. First, Section 2611(4)(A) segregates the
>
> provision imposing individual liability from the public agency

provision. Second, an interpretation that commingles the individual liability provision with the public agency provision renders certain provisions of the statute superfluous and results in several oddities. Finally, as evidenced by other provisions of the statute, the FMLA distinguishes its definition of employer from that provided in the FLSA by separating the individual liability and public agency provisions.

. . . .

Consequently, in addition to the text and structure of the statute, the regulations interpreting the FMLA and this Court's lack of precedent to the contrary, compel the conclusion that the FMLA does not impose individual liability on public agency employers.

*Id.* at 832-33.

Here, Plaintiff offers no justifiable basis for a departure from the law in this Circuit, and such a departure would be illogical given the extensive analysis the appellate court has already undertaken with regard to the split in authority. There is no dispute that the 13th Circuit Court, the 86th District Court, and Grand Traverse County are public agency employers as defined by the FMLA, with the

6

individual Defendants being employed by the respective agencies.[3]  As a result of the well-established law in the Sixth Circuit holding no individual liability under the FMLA for public agency employers, dismissal of Counts IV and V against Defendants in their individual capacities is warranted.

II.     **Any Claims for Money Damages Under the FMLA Are Barred by Eleventh Amendment Immunity (Counts IV and V).**

Plaintiff's alleged violations of the FMLA against Defendants in their official capacities (Counts IV and V), to the extent they seek monetary damages, are also properly dismissed.[4]  In addition to naming Defendants individually, Plaintiff has also named them in their official capacities.  A suit against an individual in his or her official capacity serves as a suit against the entity with which the individual is employed.  *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985).  As the Supreme Court has held, official-capacity suits for money damages under the FMLA are barred by the Eleventh Amendment.  *Coleman v. Court of Appeals of Maryland*, 566 U.S. 30 (2012); *see also Diaz v. Michigan Dep't of Human Svcs.*, 703 F.3d 956 (6th Cir. 2013) (holding employees' allegations of FMLA self-care provision violations barred against officials in both individual and

---

[3] A "public agency" is defined by the statute to include to include both "the government of a State or political subdivision thereof" and "any agency of ... a State, or a political subdivision of a State."  29 U.S.C. §§ 203(x), 2611(4)(a)(iii).

[4] Defendants do not waive their Eleventh Amendment immunity defense as to Plaintiff's request for non-monetary equitable or injunctive relief. This is preserved in the Affirmative Defenses as filed with Defendants' Partial Answer.

official capacities under Eleventh Amendment); *Pennhurst State Sch. & Hosp. v. Holderman*, 465 U.S. 89, 100, 119-20 (1984) (The Eleventh Amendment bars suits in federal court against a state and its agencies, whether for monetary damages or injunctive relief, retroactive or prospective, unless immunity from suit is expressly waived by the state or Congress.).   Whether an action is barred by the Eleventh Amendment is a question of law.  *Timmer v. Mich. Dep't of Commerce*, 104 F.3d 833, 836 (6th Cir. 1997).

In *Coleman v. Court of Appeals of Maryland*, the Supreme Court considered whether a state employee is allowed to recover money damages from his state employer under the FMLA.  566 U.S. 30 (2012).  When the employee requested FMLA leave from his employer, he was informed that he would be terminated if he did not resign.  *Id.* at 34.  He subsequently sued his state court employer in federal court alleging violations of the FMLA for failure to provide him with his requested leave time.  *Id.* at 35.

The Court wrote, "A foundational premise of the federal system is that States, as sovereigns are immune from suits for damages, save as they elect to waive that defense."  *Id.* at 35 (citing *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 72-73 (2000)).  "Congress must 'mak[e] its intention to abrogate unmistakably clear in the language of the statute.'"  *Id.* (quoting *Nevada Dep't of Human Resources v. Hibbs*, 538 U.S. 721, 726 (2003)).  The Court ultimately found that

8

the Maryland appellate court, serving as an instrumentality of the state of Maryland, was immune from the plaintiff's damages claims under the FMLA because Congress did *not* intend to abrogate the States' immunity from suits for damages under the self-care provision of the FMLA. *Id.* at 42-44.

Here, Plaintiff's allegations in this action are similar to those of the plaintiff in *Coleman*. Plaintiff alleges that her FMLA rights under the self-care provision were violated when Defendants interfered with her ability to take leave and retaliated against her for requesting leave. *See* Am. Complaint ¶¶ 70-80. She then appears to seek monetary damages from Defendants for these purported violations.[5] *See* Am. Complaint ¶¶ 76, 80, 81. However, like the Maryland appellate court in *Coleman*, Defendants, named in their official capacities, indisputably serve as instrumentalities of the state. *See Pucci v. Nineteenth Dist. Court*, 628 F.3d 752 (6th Cir. 2010) (holding that the court is a state entity for purposes of an Eleventh Amendment analysis). As the Supreme Court has clearly stated, "[a]s a consequence of our constitutional design, money damages are the exception when sovereigns are defendant," and the Eleventh Amendment bars suits for money damages against instrumentalities of the state for violations of the

---

[5] The Amended Complaint is unclear as to what specific relief is being sought in connection with Counts IV and V, with the pleading reading that Plaintiff may be seeking monetary damages in addition to non-monetary relief by way of reinstatement. *See* Doc. 5, Am. Complaint. Thus, in order to clarify the relief sought and avoid any misinterpretation in the future, Defendants are raising the Eleventh Amendment bar to monetary damages in FMLA cases.

FMLA's self-care provisions. *Coleman*, 566 U.S. at 43-44. Consequently,

Plaintiff's claims for damages under Counts IV and V should be dismissed.

III.   **Plaintiff Was Not an Employee as Defined by the Family and Medical Leave Act and Has No Viable FMLA Claim (Counts IV and V).**

To prevail on claims under the FMLA made based on an interference or

retaliation theory, as Plaintiff has alleged in Counts IV and V, Plaintiff must first

establish that she was an eligible employee as defined in the FMLA. *Sorrell v.*

*Rinker Materials Corp.*, 395 F.3d 332 (6th Cir. 2005); *Donald v. Sybra, Inc.*, 667

F.3d 757, 761 (6th Cir. 2012). Under the FMLA, in the case of an individual

employed by a public agency, employee means:

> (iii) Any individual employed by a State, political subdivision of a State, or an interstate governmental agency, other than such an individual—
>
> (A) Who is not subject to the civil service laws of the State, political subdivision, or agency which employs the employee; and
>
> (B) Who—
>
> (1) Holds a public elective office of that State, political subdivision, or agency,
>
> (2) Is selected by the holder of such an office to be a member of his personal staff,
>
> (3) Is appointed by such an officeholder to serve on a policymaking level,
>
> (4) Is an immediate adviser to such an officeholder with respect to the constitutional or legal powers of the office of such officeholder. . . .

29 C.F.R. § 825.102.

In applying this definition in an FMLA retaliation action, the Sixth Circuit has held that a law clerk or staff attorney who reported to an elected state circuit court judge was a member of the judge's personal staff and therefore *not* an employee as defined under the FMLA. *Horen v. Cook*, 546 Fed. Appx. 531 (6th Cir. 2013); *see also Birch v. Cuyahoga County Probate Court*, 392 F.3d 151 (6th Cir. 2004) (holding that a magistrate judge was exempt from the definition of employee because she was a member of a presiding judge's personal staff and an appointee on the policymaking level). In its analysis of whether the law clerk/staff attorney was a member of the judge's personal staff, the Court addressed the following factors: "(1) whether the elected official has plenary powers of appointment and removal; (2) whether the person in the position at issue is personally accountable to only that elected official; (3) whether the person in the position at issue represents the elected official in the eyes of the public; (4) whether the elected official exercises a considerable amount of control over the position; (5) the level of the position within the organization's chain of command; and (6) the actual intimacy of the working relationship between the elected official and the person filing the position." *Horen*, 546 Fed. Appx. at 534.

Here, Judge Stanton was elected to the bench in 2012. Plaintiff accepted a position as Judge Stanton's judicial assistant in January 2015. Much like the

11

plaintiff in *Horen*, Plaintiff's job duties included conducting research and assisting Judge Stanton with her caseload, all under the direction of the judge. (Am. Complaint ¶¶ 15, 33, 34; **Ex. 1**, Job Description). She assisted the judge in reviewing issues, proposed decisions, orders, and other matters. (*Id.*). She responded to requests for information from litigants and attorneys, and served as the face of Judge Stanton's courtroom in that capacity. (*Id.*). Furthermore, she reported directly to and was accountable to Judge Stanton. (*Id.*). In her role as a judicial assistant, she was a member of Judge Stanton's personal staff. As magistrate, Plaintiff was also personal staff, and moreover, an appointee on the policymaking level. In keeping with Sixth Circuit precedent, Plaintiff is not an "employee" protected under the FMLA, and her claims should be dismissed.

## CONCLUSION

For the reasons discussed above, Defendants respectfully request that this Honorable Court dismiss Counts IV and V of Plaintiff's First Amended Complaint, including dismissing the individually-named defendants. Defendants further request that this Honorable Court award the costs and fees that these Defendants have so wrongfully incurred.

Respectfully submitted,

JOHNSON, ROSATI,
SCHULTZ & JOPPICH, P.C.

s/ Laura Bailey Brown

12

Laura S. Amtsbuechler (P36972)
Laura Bailey Brown (P79742)
Attorneys for Defendant
27555 Executive Drive, Suite 250
Farmington Hills, MI 48331
(248) 489-4100
lamtsbuechler@jrsjlaw.com
lbrown@jrsjlaw.com

Dated:  November 28, 2017

PROOF OF SERVICE

The undersigned certifies that the foregoing was served upon all parties to the above cause to each of the attorneys/parties of record herein at their respective addresses disclosed on the pleadings on November 28, 2017 by e-file.

/s/ Lori A. Gazdag

13