## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

ANGEL KALEY-WOLFE

       Plaintiff,

v.

HONORABLE MELANIE STANTON,
KRIS A. RANDALL, and
CAROL STOCKING
in their individual and official capacities,

       Defendants.

Case No. 17-cv-00842

Hon. Paul L. Maloney

_____

| Attorney for Plaintiff: | Attorney for Defendants: |
|---|---|
| Nicholas Roumel (P 37056) | Laura S. Amtsbuechler (P 36972) |
| **Nacht & Roumel, P.C.** | Laura Bailey Brown (P79742) |
| 101 N. Main St., Ste. 555 | **Johnson Rosati Schultz & Joppich, P.C.** |
| Ann Arbor, MI  48104 | 27555 Executive Dr., Ste. 250 |
| (734) 663-7550 | Farmington Hills, MI 48331-3550 |
| *nroumel@nachtlaw.com* | (248) 489-4100 |
| | *lamtsbuechler@jrsjlaw.com* |
| | *lbrown@jrsjlaw.com* |

_____

## PLAINTIFF'S RESPONSE TO
## DEFENDANTS' PARTIAL MOTION TO DISMISS

**\*Oral Argument Requested\***

## Table of Contents

Index of Authorities                                                                        ii

Issues Presented                                                                         iv

**PRELIMINARY STATEMENT**                                           1

**FACTS**                                                                                   1

**LEGAL STANDARD**                                                          1

**ARGUMENT**                                                                      3

    **Plaintiff's FMLA Claims Against Individual Defendants
    Are Barred Under 6th Circuit Precedent, But She Is Entitled
    to Preserve Her Arguments**                                          3

    **Plaintiff's Claims for Money Damages Under the FMLA
    Are Barred by Eleventh Amendment Immunity**           5

    **Plaintiff Was an Employee Under the FMLA**              6

**SUMMARY/CONCLUSION**                                              10

**RELIEF REQUESTED**                                                       10

Proof of Service                                                                        10

i

## Index of Authorities

*Cases*

*Ashcroft v. Iqbal,* 556 U.S. 662 (2009)                3

*Barnes v. Laporte Cty.,* 621 F. Supp. 2d 642 (N.D. Ind. 2008)       4

*Bassett v. NCAA,* 528 F3d 426 (6th Cir 2008)              2

*Bell Atl. Corp. v. Twombly*, 550 US 544 (2007)            2

*Birch v. Cuyahoga County Probate Court*, 392 F.3d 151 (6th Cir. 2004)    6

*Bonzani v Shinseki,* 895 F Supp 2d 1003 (2012, ED Cal)         4, 5

*Darby v. Bratch*, 287 F.3d 673 (8th Cir. 2002)             4

*Dennard v Towson Univ.,* 62 F Supp 3d 446 (2014, DC Md)         4, 5

*Haybarger v. Lawrence Cnty. Adult Prob. & Parole*, 667 F.3d 408 (3d Cir. 2012) 4, 5

*Hayward v. Cleveland Clinic Found.*, 759 F.3d 601 (6th Cir. 2014)     5

*Horen v. Cook*, 546 Fed. Appx. 531 (6th Cir. 2013)          6, 7, 9

*Mason v Mass. Dep't of Envtl. Prot.*, 774 F Supp 2d 349 (2011, DC Mass)   4, 5

*Modica v. Taylor*, 465 F.3d 174 (5th Cir. 2006)            4

*Mitchell v. Chapman*, 343 F.3d 811 (6th Cir. 2003)          3, 4, 5

*Rasic v City of Northlake,* 563 F Supp 2d 885 (2008, ND Ill)       4

*Reed v. Maryland*, Civil Action No. ELH-12-0472,
    2013 U.S. Dist. LEXIS 17761 (D. Md. Feb. 7, 2013)    4, 5, Exh A

*Rondigo v. Twp. of Richmond*, 641 F 3d 673 (6th Cir 2011)        3 (fn)

*Sadowski v United States Postal Serv.,* 643 F Supp 2d 749 (2009, DC Md)   5

*Teneyuca v. Bexar County*, 767 F.2d 148 (5th Cir. 1985)         7, 8, 9

*Wascura v. Carver,* 169 F 3d 683 (11th Cir 1999)            4

*Weth v O'Leary*, 796 F Supp 2d 766 (2011, ED Va)            4, 5

*Secondary Authorities*

Fair Labor Standards Act ("FLSA"), 29 U.S.C. 203(c), (e), (g)       7 (fn)

Family Medical Leave Act ("FMLA"), 29 U.S.C. 2601 *et seq.*     *passim*

Title VII, 42 U.S.C. 2000e (f)       7 (fn)


FRCivP 11 (b) (2)       5

FRCivP 12 (b) (6)       2, 3 (fn)

FRCivP 12 (d)       3 (fn)


1972 U.S. Code Cong. & Ad. News, 2137, 2180       7

118 Cong. Rec. 4492-93 (1972)       7


ABA Model Rule of Professional Conduct 3.1       5

Michigan's Code of Professional Responsibility 3.1       5

## Issues Presented

I.      Whether Defendants' motion to dismiss plaintiff's FMLA individual capacity claims against Defendants should be granted?

> DEFENDANTS SAY "YES"

> PLAINTIFF SAYS "ONLY IF APPELLATE REVIEW IS PRESERVED"


II.     Whether Defendants' motion to dismiss Plaintiff's claims for money damages under the FMLA should be granted?

> DEFENDANTS SAY "YES"

> PLAINTIFF SAYS "NO, AS SHE HAS NOT MADE THIS CLAIM"


III.    Whether Defendants' motion to dismiss Plaintiff's FMLA claims should be granted as a matter of law, on the basis that Plaintiff is not an "employee" for FMLA purposes?

> DEFENDANTS SAY "YES"

> PLAINTIFFS SAY "NO"

## PRELIMINARY STATEMENT

Defendants' partial motion to dismiss raises three grounds. Plaintiff essentially agrees with Defendants' first two arguments, but not the relief sought. Plaintiff disagrees with Defendants' third argument.

The first two arguments are that Plaintiff's Family Medical Leave Act claims (1) against individual defendants and (2) for money damages are barred. Plaintiff acknowledges the law as stated by Defendants, and says so in her first amended complaint. She includes the former claim to preserve appellate review, and is not even pursuing the latter. Defendants' first two motions should be viewed in that context.

Defendants' third argument is that Plaintiff was not an "employee" as defined by the FMLA. As argued below, because the amended complaint sufficiently raises a claim that she is an "employee" for FMLA purposes, Defendants' motion is at best premature, and should be denied.

## FACTS

Plaintiff Angel Kaley-Wolfe was employed since 2002 in a variety of capacities for the Defendants, most recently as a Judicial Assistant for the 13th Circuit Court Family division, Grand Traverse County, under the supervision of Defendants, commencing in January, 2015. [1st Am Comp., Ct Doc 5, ¶ 14, *inter alia*] She suffered from various disabilities and was a cancer survivor. [Id., ¶¶ 14, 44, 53, *inter alia*] Despite her medical condition, she performed admirably and received regular promotions throughout her tenure. [Id., ¶¶ 16-18, 23, 25, 32, 33] After nearly 14 years of loyal service, she was terminated by Defendants. [Id., ¶¶ 53-56]

Plaintiff filed a five-count complaint against Defendants Stanton, Randall, and Stocking, as follows:

Counts I (discrimination) and II (failure to accommodate) allege violation of Section 504 of the Rehabilitation Act of 1973 and is against Defendants in their official capacity only. These two counts are not subject to Defendants' present motion.

Count III alleges violation of Michigan's Persons with Disabilities Civil Rights Act ("PWDCRA"), against all Defendants in their official and individual capacities. It too is not subject to Defendants' present motion.

Counts IV (interference) and V (retaliation) allege violations of the Family Medical Leave Act ("FMLA"), against all Defendants in their official and individual capacities. These are the counts that *are* subject to Defendants' present motion.

## LEGAL STANDARD

The gravamen of 12 (b) (6) is that the complaint must be "plausible." [1] As explained in *Bassett v. NCAA,* 528 F3d 426, 430 (6th Cir 2008), citing *Bell Atl. Corp. v. Twombly*, 550 US 544 (2007), "The Supreme Court has recently clarified the pleading standard necessary to survive a Rule 12(b) (6) motion. Factual allegations contained in a complaint must 'raise a right to relief above the speculative level.' *Twombly* does not "require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." "In reviewing a motion to dismiss, we construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff."" [Internal cites omitted]

Plaintiff's fifteen-page, 83-paragraph first amended complaint [Ct Doc 5] contains a wealth of considerable detail, gleaned from careful review of Plaintiff's personnel records and

---

[1] Plaintiff generally agrees with Defendant's recitation of the standard of review and cases cited [Ct Doc 7, p. 4]; she writes here to clarify her understanding of the standard as it applies to her claim.

other documents, and rises far above "threadbare recitals of a cause of action, supported by mere conclusory statements." [*cf. Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)] That is not the issue here, because Defendants do not substantively attack the sufficiency of the factual pleadings. Instead, they argue that the facts pled – no matter how detailed - do not support certain causes of action as a matter of law.[2] As shown below, Defendants' claims for relief are misplaced, and should be denied.

## ARGUMENT

Defendants' three arguments are all targeted to the FMLA claims, and will be dealt with separately.

### Plaintiff's FMLA Claims Against Individual Defendants Are Barred Under 6th Circuit Precedent, But She Is Entitled to Preserve Her Arguments

The parties do not disagree: *Mitchell v. Chapman*, 343 F.3d 811 (6th Cir. 2003) unquestionably holds that there is no individual liability for public employers under the FMLA. This is despite what would appear to be clear statutory language to contrary. In 29 U.S.C. § 2611 (4) (A) (ii) (I), the FMLA defines "employer" to include not only any public agency, but "any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer." *Mitchell* determined that nonetheless, there is no such individual liability. It remains the law of this circuit.

---

[2]      Defendants have attached exhibits to its motion (two job descriptions). Normally a motion under Rule 12 (b) (6) tests the sufficiency of the pleadings alone. Defendants acknowledge this (see footnote 1, Ct Doc 7, p. 1), but rely on *Rondigo v. Twp. of Richmond*, 641 F 3d 673 (6th Cir 2011), for the proposition that the court may additionally consider the job descriptions because they are "public records," without otherwise converting the 12 (b) (6) motion into one for summary judgment. [See FRCivP 12 (d)] Plaintiff agrees this motion should be considered under 12 (b) (6).

Plaintiff's amended complaint acknowledges this [Ct Doc 5, ¶ 11] but adds: "Plaintiff respectfully asserts that there is a split of circuit authority on this point, and wishes to preserve her argument that *Mitchell v. Chapman* was wrongly decided." Accordingly, she has raised official and individual capacity FMLA claims against Defendants, to preserve her rights. Defendants target the individual capacity claims based on *Mitchell*.

A split of authority existed even when *Mitchell* was decided. Its panel discussed this split, acknowledging that *Darby v. Bratch*, 287 F.3d 673, 680-81 (8th Cir. 2002) and several district courts had found that the above-cited statutory provision imposes individual liability on public employers under the FMLA, before its panel reached the opposite conclusion.

In the fifteen years since *Mitchell*, the split has become more pronounced. Most courts have found that supervisors at public agencies are subject to individual capacity FMLA claims. Among circuits, those cases include *Haybarger v. Lawrence Cnty. Adult Prob. & Parole*, 667 F.3d 408, 414-17 (3d Cir. 2012) and *Modica v. Taylor*, 465 F.3d 174, 184-87 (5th Cir. 2006).

Among district courts, similar holdings include *Barnes v. Laporte Cty.*, 621 F. Supp. 2d 642, 645 (N.D. Ind. 2008), *Rasic v City of Northlake*, 563 F Supp 2d 885 (2008, ND Ill), *Weth v O'Leary*, 796 F Supp 2d 766 (2011, ED Va), *Bonzani v Shinseki*, 895 F Supp 2d 1003 (2012, ED Cal), *Dennard v Towson Univ.*, 62 F Supp 3d 446 (2014, DC Md), *Mason v Mass. Dep't of Envtl. Prot.*, 774 F Supp 2d 349 (2011, DC Mass), and *Reed v. Maryland*, Civil Action No. ELH-12-0472, 2013 U.S. Dist. LEXIS 17761 (D. Md. Feb. 7, 2013) [Exh A].

In fact, the only other circuit to have sided with *Mitchell* was *Wascura v. Carver,* 169 F 3d 683 (11th Cir 1999), a decision the *Mitchell* panel discussed, and (interestingly enough) criticized its analysis as not being "textual," even while agreeing with its holding. No other circuit has sided with these two outliers since 2003.

It further appears that only one district court outside our circuit has sided with *Mitchell* in the last fifteen years: *Sadowski v United States Postal Serv.,* 643 F Supp 2d 749 (2009, DC Md) - and *Sadowski* was roundly criticized by cases such as *Mason, Weth, Dennard,* and *Bonzani*. *Sadowski* was especially disfavored in its own district by the *Reed* decision [Exh A], which extensively dissects *Mitchell. Reed* also relied on the 3rd Circuit's 2012 decision in *Haybarger,* which also criticized *Mitchell*.

This body of law forms the basis for Plaintiff's contention that *Mitchell* was "wrongly decided." Plaintiff understands that this court is nonetheless bound by *Mitchell,* but she wishes to preserve the issue for review. The 6th Circuit will only consider issues on appeal if they are properly preserved. [*Hayward v. Cleveland Clinic Found.*, 759 F.3d 601 (6th Cir. 2014), citing various U.S. Supreme Court precedent] Moreover, a lawyer has an ethical endorsement to offer a "non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law." [FRCivP 11 (b) (2); also see similarly-worded Michigan's Code of Professional Responsibility 3.1 and ABA Model Rule of Professional Conduct 3.1]

For all these reasons, while Plaintiff agreed in paragraph 11 of her amended complaint that this court is bound by the 6th Circuit's holding in *Mitchell,* she also included in the same paragraph her good-faith assertion that it was wrongly decided, so that the issue could be preserved for appellate review - even as this court may grant Defendants' motion.

### Plaintiff's Claims for Money Damages Under the FMLA Are Barred by Eleventh Amendment Immunity

Again, Plaintiff agrees with the law cited by Defendants; but their motion is unnecessary, because Plaintiff is not seeking money damages under the FMLA. Defendants argue that "Plaintiff's alleged violations of the FMLA against Defendants in their official capacities

(Counts IV and V), to the extent they seek monetary damages, are also properly dismissed."

[Defendants' motion, Ct Doc 7, p. 7, Pg ID 99] As Plaintiff wrote in her *ad damnum* clause:

> *W H E R E F O R E*   Plaintiff requests this honorable court grant her:
>
> a.  in excess of $75,000 damages against Defendants, as warranted by the law and the proofs, **and acknowledging that money damages are not available against Defendants in their official capacities under Counts IV and V.** Permissible damages sought include ... [First Am. Comp., Ct Doc 5, p. 14, Pg ID 35; emphasis added]

Here, Plaintiff does not even argue for reversal of existing law (as she did regarding individual liability, see above). Thus, Defendants are seeking to dismiss a claim that Plaintiff is not making, does not have, and acknowledges she does not have. It is a frustrating procedural posture to be in. To use a facetious example, it is as if Defendants moved to dismiss Plaintiff's non-existent claims to be awarded a trip to Disneyland. It should not be considered by the court.

### Plaintiff Was an Employee Under the FMLA

In contrast to the first two grounds for relief, Defendants' third motion is a more traditional disputed motion. They claim that a member of a judge's personal staff is not an employee for FMLA purposes. However, those cases are narrowly drawn and not applicable here, because Plaintiff was not such an employee. Thus Defendants' motion should be denied.

Defendants relies on two cases for this proposition: *Horen v. Cook*, 546 Fed. Appx. 531 (6th Cir. 2013) and *Birch v. Cuyahoga County Probate Court*, 392 F.3d 151 (6th Cir. 2004). According to *Horen,* Id. at 534, "The following non-exhaustive list of factors is relevant to determining if Horen was a member of Judge Cook's personal staff: "(1) whether the elected official has plenary powers of appointment and removal; (2) whether the person in the position at issue is personally accountable to only that elected official; (3) whether the person in the position at issue represents the elected official in the eyes of the public; (4) whether the elected official

6

exercises a considerable amount of control over the position; (5) the level of the position within the organization's chain of command; and (6) the actual intimacy of the working relationship between the elected official and the person filing the position.""

The *Horen* court relied on the case of *Teneyuca v. Bexar County*, 767 F.2d 148, 151 (5th Cir. 1985) for this test.[3] *Horen* concedes that "this exemption is to be construed narrowly and involves a highly factual inquiry." The opinion in *Teneyuca* explains just how narrowly, as it delves into the congressional intent of this provision. It states, "This Court notes that the highly factual nature of the inquiry necessary to the determination of the "personal staff" exception does not lend itself well to disposition by summary judgment." It quotes Title VII's legislative history for the same point: "For example, the conference report on this legislation states: "It is the conferees [sic] intent that this exemption shall be construed narrowly." 1972 U.S. Code Cong. & Ad. News, 2137, 2180. Furthermore, Senator Ervin, the sponsor of the original Senate amendment, agreed that the purpose of the exception was to "exempt from coverage those who are chosen by . . . the elected official . . ., and who are in a close personal relationship and an immediate relationship with him.  Those who are his first line advisers." 118 Cong. Rec. 4492-93 (1972)." [*Teneyuc*a, Id. at 152]

Note that this narrow construction is for summary *judgment* purposes, after a factual record has been developed; Defendants here seek something even more extraordinary – resolution on the pleadings.

---

[3] *Teneyuca* was a Title VII claim, but courts have noted that the definition of "employee" in that statute [42 U.S.C. 2000e (f)] is similar enough to the FMLA's for the same analysis to apply. The FMLA [at 29 U.S.C. § 2611 (3)] considers an employee to be defined the same as under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 203(c), (e), and (g); and the definition under the FLSA is exceedingly close to that of Title VII. See, e.g.,

Thus, *Tenayuca's* analysis must be based on what Angel Kaley-Wolfe has pled. The amended complaint notes how she was originally hired by the court in 2002 and worked her way up through a variety of positions. "On July 28, 2014 as an office coordinator and magistrate judge at the 86th District Court, under the supervision of Defendant Stocking." [First Am. Comp., Ct Doc 5, ¶ 32, p. 6, Pg ID 27] She then pled, "After being in this position for several months, in December, 2014, Plaintiff applied for a position as Defendant Stanton's Judicial Assistant. She was hired into this position effective January 20, 2015. She was initially under the supervision of Diane Conklin and Defendant Stanton as Department Head. Shortly after Plaintiff took this position, Ms. Conklin was replaced as Family Court Administrator by Defendant Randall, sometime in the spring of 2015." [Id., ¶¶ 33-34]

The amended complaint goes on to detail that Plaintiff received a counseling memo for allegedly deficient attendance from Defendant Randall "along with Amanda Flowers, the Probate Register." [Id., ¶ 36, p. 7, Pg ID 28] She goes on to allege that Randall followed up with her after that memo, actually complimenting her on improved attendance. [Id., ¶ 43] However, shortly after that, and after Plaintiff sought another FMLA leave, she was fired in a one-on-one meeting with Defendant Randall and given a memo explaining the reasons for her termination, "dated June 27, 2016, from Defendants Stanton, Randall, and Stocking." [Id., ¶ 53, p. 9, Pg ID 30]

Thus, a cursory reading of the amended complaint indicates that Family Court Administrator Randall, not Judge Stanton, was Plaintiff's day-to-day supervisor; that the attendance counseling memo was not even from Judge Stanton; that Stanton did not deliver the news of Plaintiff's termination; and that all three Defendants purported to decide Plaintiff's termination. That is precisely why all three of these persons were named as Defendants.

Analyzing the *Teneyuca* factors, the above allegations do not support the first two: "(1) whether the elected official has plenary powers of appointment and removal; [and] (2) whether the person in the position at issue is personally accountable to only that elected official." For example, in *Horen,* the court found significant that the plaintiff "expressly stated that she was a member of Judge Cook's personal staff and that she was terminated by Judge Cook and no one else." [*Horen v. Cook*, 546 F. App'x 531, 535 (6th Cir. 2013)] In contrast, Ms. Kaley-Wolfe's allegations are that she was accountable mainly to Randall, and was terminated by Randall with a memo signed by all three Defendants.

As for the other four *Teneyuca* factors, "(3) whether the person in the position at issue represents the elected official in the eyes of the public; (4) whether the elected official exercises a considerable amount of control over the position; (5) the level of the position within the organization's chain of command; and (6) the actual intimacy of the working relationship between the elected official and the person filing the position," the amended complaint does not make any allegations or admissions to support them. In contrast, the allegations speak against an intimate relationship with Stanton, given that Randall was the functioning supervisor. And even to the extent this court will consider the Plaintiff's job description, that mere recitation of duties set forth by Defendants [e.g., Ct Doc 7, p. 12, Pg ID 104; Ct Doc 7-2] does not translate into whether Ms. Kaley-Wolfe "represented the elected official in the eyes of the public" or that there was a particular "intimacy" to their relationship.

In short, taken in the light most favorable to Plaintiff, there is insufficient basis to conclude as a matter of law that she was of such a "close personal relationship" with Judge Stanton, or a "first line advisor," as Sen. Erwin termed it, to exempt her from coverage under FMLA as a non-employee.

9

## SUMMARY/CONCLUSION

Taken in a light most favorable to her at this stage of the litigation, Plaintiff Angel Kaley-Wolfe was an employee for FMLA purposes. After discovery has permitted "a highly factual inquiry," it may be appropriate at the summary judgment stage to revisit this issue. But for 12 (b) (6) purposes, Defendants' motion to dismiss Plaintiff's FMLA claims, because she was allegedly not an employee, must be denied.

Defendants' other claims for relief are different. Plaintiff acknowledges that there is no FMLA individual capacity liability against Defendants, but has pled the issue to preserve it for potential review. She understands that under *Mitchell v. Chapman,* her FMLA claims are against Defendants in their official capacities only, as an alter-ego for the public agency, and that this court may accordingly dismiss the individual claims. Finally, she is not seeking money damages under the FMLA; thus Defendants' motion in this regard need not be acted on by this court.

## RELIEF REQUESTED

*W H E R E F O R E*   Plaintiff requests this honorable court deny Defendants' motions.

Respectfully submitted,

NACHT & ROUMEL, P.C.

*s/Nicholas Roumel*

Nicholas Roumel (P37056)
January 10, 2018                    Attorney for Plaintiff

## Proof of Service

I certify that on the date below, I served a copy of this document on the attorney for the defendant via the court's ECF system.

January 10, 2018                    *s/ Nicholas Roumel*

10