UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

ANGEL KALEY-WOLFE,
          Plaintiff,

v                                          Case No. 1:17-cv-00842
                                          Hon.  Paul L. Maloney

HONORABLE MELANIE STANTON,
KRIS A. RANDALL, and
CAROL STOCKING,
in their individual and official capacities,
          Defendants.
_____/

| NACHT & ROUMEL, P.C. | JOHNSON, ROSATI, |
|---|---|
| By:  Nicholas Roumel (P37056) | SCHULTZ & JOPPICH, P.C. |
| Attorney for Plaintiff | By:  Laura S. Amtsbuechler (P36972) |
| 101 N. Main Street, Ste. 555 | Attorney for Defendants |
| Ann Arbor, MI 48104 | 27555 Executive Drive, Suite 250 |
| (734) 663-7550 | Farmington Hills, MI  48331 |
| nroumel@nachtlaw.com | (248) 489-4100/Fax:  (248) 489-1726 |
|  | lamtsbuechler@jrsjlaw.com |

_____/

## DEFENDANTS' SUPPLEMENTAL PARTIAL ANSWER TO FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND RELIANCE UPON JURY DEMAND

Defendants Hon. Melanie Stanton, Kris A. Randall, and Carol Stocking, in their official capacities, having submitted a Partial Answer to First Amended Complaint, Affirmative Defenses, and Reliance Upon Jury Demand (Doc. No. 6) and a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) (Doc. No. 7), which this Court granted in part and denied in part in its Order (Doc. No. 16), submit the following Supplemental Partial Answer to Plaintiff's First Amended

Complaint in response to the allegations of the First Amended Complaint that have not already been answered by Defendants' initial Partial Answer to First Amended Complaint and that were not dismissed by the Court's Order.

## COUNT IV

### VIOLATION OF THE FAMILY MEDICAL LEAVE ACT (INTERFERENCE) ALL DEFENDANTS IN THEIR OFFICIAL CAPACITIES ONLY[1]

70.  Defendants were employers under the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601-2654 ("FMLA").

**ANSWER**:  In answer to Paragraph 70, Defendants admit only that the 13th Judicial Circuit Court is an employer under the FMLA.  Defendants deny the remaining allegations in the paragraph for the reason that they are untrue.

71.  Plaintiff was an eligible employee under the FMLA, in that she had a serious health condition and was otherwise entitled to take FMLA leave.

**ANSWER**: In answer to Paragraph 71, Defendants neither admit nor deny the allegations for lack of knowledge or information sufficient upon which to form a belief as to the truths of the allegations and thereby leave Plaintiff to her proofs.

72.  The medical conditions described above constituted a serious health

---

[1] This Court's Order (Doc. #16) granted dismissal of Defendants in their individual capacities with respect to the FMLA claims Plaintiff raises in Counts IV and V of her Complaint.  Thus, Defendants now answer Counts VI and V in their official capacities only.

2

condition.

**ANSWER**: In answer to Paragraph 72, Defendants neither admit nor deny the allegations for lack of knowledge or information sufficient upon which to form a belief as to the truths of the allegations and thereby leave Plaintiff to her proofs.

73. Plaintiff gave Defendants appropriate notice of these conditions and followed up by making requests for leave under the FMLA as described above.

**ANSWER:** In answer to Paragraph 73, Defendants deny the allegations for the reason that they are untrue.

74. Defendant interfered with Plaintiff's right to leave by discharging her immediately upon return from her last FMLA leave.

**ANSWER:** In answer to paragraph 74, Defendants deny the allegations for the reason that they are untrue.

75. Plaintiff never had any issues of concern with her FMLA leaves for her serious medical conditions until being supervised by Defendants.

**ANSWER:** In answer to paragraph 75, Defendants neither admit nor deny the allegations for lack of knowledge or information sufficient upon which to form a belief as to the truths of the allegations and thereby leave Plaintiff to her proofs. In further answer, Defendants affirmatively deny that there was any wrongdoing on the part of Defendants with respect to Plaintiff's FMLA leave.

76. As a result of Defendants' FMLA interference, Plaintiff was damages

as described herein and below.

**ANSWER:** In answer to paragraph 76, Defendants deny the allegations for the reason that they are untrue.

### COUNT V

### VIOLATION FO THE FAMILY MEDICAL LEAVE ACT (RETALIATION) ALL DEFENDANTS IN THEIR OFFICIAL CAPACITIES ONLY

77. Plaintiff engaged in statutorily protected activity by requesting and taking protected leave as defined by the FMLA.

**ANSWER:** In answer to paragraph 77, Defendants neither admit nor deny the allegations for lack of knowledge or information sufficient upon which to form a belief as to the truths of the allegations and thereby leave Plaintiff to her proofs.

78. After learning of Plaintiff's protected activity, Defendants discharged Plaintiff by terminating her employment for taking protected leave as defined by the FMLA.

**ANSWER:** In answer to paragraph 78, Defendants deny the allegations for the reason that they are untrue.

79. This course of conduct was a willful violation of the FMLA.

**ANSWER:** In answer to paragraph 79, Defendants deny the allegations for the reason that they are untrue.

80. As a result of Defendants' violations of the FMLA, Plaintiff suffered damages as described herein and below.

**ANSWER:** In answer to paragraph 80, Defendants deny the allegations for the reason that they are untrue.

        Respectfully submitted,

        JOHNSON, ROSATI,
        SCHULTZ & JOPPICH, P.C.

        s/Laura Bailey Brown
        Laura Amtsbuechler (P36972)
        Laura Bailey Brown (P79742)
        Attorney for Defendants, City of Riverview, Drysdale and Chevillet, only
        27555 Executive Drive, Suite 250
        Farmington Hills, MI 48331
        (248) 489-4100
        lamtsbuechler@jrsjlaw.com
        lbrown@jrsjlaw.com

## AFFIRMATIVE DEFENSES

Defendants, through their attorneys, Johnson, Rosati, Schultz & Joppich, P.C., and for their Affirmative Defenses state as follows:

1. Plaintiff has failed to state a claim upon which relief may be granted.

2. Plaintiff was not a qualified individual with a disability as defined by the Rehabilitation Act, or the Michigan Persons with Disabilities Civil Rights Act.

3. Plaintiff is not entitled to punitive damages on her state law claim as a matter of law.

4. Plaintiff never sought, or was denied, accommodation for a disability.

5. The essential functions of Plaintiff's job duties required that she perform her work at the Court, and that she work the regularly scheduled hours of the Judge and other Court Staff. Therefore, any requested accommodation to allow Plaintiff to work from home, or to work hours other than regular court hours would be unreasonable and an undue burden and hardship.

6. All actions taken regarding Plaintiff's employment were taken for legitimate, and non-discriminatory or retaliatory business reasons.

7. All actions regarding Plaintiff's employment would have been taken absent Plaintiff's alleged medical conditions, and even if Plaintiff had not been on Family Medical Leave; the employment actions were not taken because of Plaintiff's Family Medical Leave or medical conditions.

8. Plaintiff has failed to mitigate her damages.

9. Plaintiff's claims are barred in whole, or in part, by the applicable statute of limitations.

10. Plaintiff's Family Medical Leave Act claims against Defendants in their official capacity, are barred by 11th Amendment immunity.

11. Plaintiff's Family Medical Act Leave Act claims against the individual Defendants are barred for the reason that there is no individual liability for public employers under the FMLA. See *Mitchell v Chapman*, 343 F3d 811 (6th Circuit 2003) and Defendants' Motion to Dismiss filed concurrently with this Answer.

12. Plaintiff was not an employee as defined by the Family Medical Leave Act, and therefore has no viable FMLA claim.

13. Any damages recoverable by Plaintiff on her Rehabilitation Act claims are limited to contract type damages available under Title VI, which does not include emotional distress or punitive damages.

14. Plaintiff's claim for equitable relief in the form of reinstatement is barred by the doctrines of laches and unclean hands.

15. Plaintiff's claim for equitable relief in the form of reinstatement fails for failure to establish an ongoing violation of federal law. See *Diaz v Michigan Department of Corrections,* 703 F.3d 956 (2013)

16. Plaintiff has no standing to assert claims for injunctive or declaratory

relief on her Rehabilitation Act claim.

17. Plaintiff is not entitled to injunctive relief in the form of reinstatement for the reason that her alleged injuries are of the type that can adequately be compensated monetarily.

18. Defendants are entitled to a set off for any and all collateral sources from which Plaintiff receives recovery.

                                        Respectfully submitted,

                                        JOHNSON, ROSATI,
                                        SCHULTZ & JOPPICH, P.C.

                                        s/Laura Bailey Brown
                                        Laura Amtsbuechler (P36972)
                                        Laura Bailey Brown (P79742)
                                        Attorney for Defendants, City of Riverview,
                                        Drysdale and Chevillet, only
                                        27555 Executive Drive, Suite 250
                                        Farmington Hills, MI 48331
                                        (248) 489-4100
                                        lamtsbuechler@jrsjlaw.com
Date: March 5, 2018                    lbrown@jrsjlaw.com

## RELIANCE UPON JURY DEMAND

Defendants, through their attorneys, Johnson, Rosati, Schultz & Joppich, P.C. hereby rely upon Plaintiff's demand for a trial by jury in the above-entitled cause of action.

Respectfully submitted,

JOHNSON, ROSATI,
SCHULTZ & JOPPICH, P.C.

s/Laura Bailey Brown
Laura Amtsbuechler (P36972)
Laura Bailey Brown (P79742)
Attorney for Defendants, City of Riverview,
Drysdale and Chevillet, only
27555 Executive Drive, Suite 250
Farmington Hills, MI 48331
(248) 489-4100
lamtsbuechler@jrsjlaw.com
lbrown@jrsjlaw.com

Date: March 5, 2018

PROOF OF SERVICE

The undersigned certifies that the foregoing was served upon all parties to the above cause to each of the attorneys/parties of record herein at their respective addresses disclosed on the pleadings on 03/05/18.

BY: ☐ U.S. Mail              ☐ Telefacsimile
    ☐ Hand Delivered courier  ☐ Overnight
    ☐ Federal Express         ☒ Other: ***E-file***

Signature:

s/ Laura Bailey Brown